Filed 11/5/20  P. v. Velasquez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074338 |
| v. | (Super.Ct.No. INF1800120) |
| PEDRO PEÑA VELASQUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Pedro Peña Velasquez was found guilty by a jury of committing a lewd act on a minor in violation of Penal Code section 288, subdivision (a).[1]  Defendant's request for probation was denied, and he was instead sentenced to the low term of two years in state prison with total credits of 125 days.  Defendant appealed.

## BACKGROUND

Jane Doe, who suffers from autism, lived with her family in defendant's home.  Defendant is Jane's paternal stepgrandfather.  When Jane was 10 years old, her mother entered her bedroom and found Jane lying on her back, bare chested, with defendant on top of her and his hands on her breasts.  When examined by a forensic interviewer from the Barbara Sinatra Children's Center, Jane said defendant had touched and licked her breasts.  DNA taken from Jane's left breast was consistent with defendant.

Following defendant's conviction, he requested probation.  The court ordered the section 288.1 assessment required to be considered before probation may be granted for a person convicted for a crime against a child.  The report was not available to the probation officer when he prepared his report for the court.  Defendant chose not to answer questions concerning the victim or the offense, so the probation officer did not have information concerning defendant's state of mind.  The probation officer noted that defendant had no criminal record and was a low risk according to the COMPAS

---

[1]  All further statutory references are to the Probate Code.

assessment. Even so, his crime against his granddaughter was egregious, particularly in view of Jane's age and mental capacity, and had caused a great deal of harm to her and her family.

At the sentencing hearing, the court reviewed the probation and section 288.1 reports and heard a statement from Jane's mother. It stated that Jane's young age and her vulnerability, defendant's position of trust with respect to his victim, and not knowing whether defendant would have gone further had he not been interrupted were the most important factors in denying probation.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case and facts. Counsel does not suggest a potentially arguable issue. He requests this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

McKINSTER_____

J.

FIELDS_____

J.

4